## MATTER OF GRAHAM

### In EXCLUSION Proceedings

### A-12132200

*Decided by Board May 7, 1964*

A United States citizen who was aware of his acquisition of citizenship by reason of birth in this country but who, relying on erroneous information supplied by a Canadian government official to the effect he had already lost such citizenship, voluntarily voted in politicial elections in Canada between 1944 and 1948, thereby lost his United States citizenship under section 401(e), Nationality Act of 1940.

EXOLUDABLE: Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—No immigrant visa.

A special inquiry officer directed that the applicant be admitted to the United States as a citizen, and the case is before us pursuant to certification. The Service urges that the decision of the special inquiry officer be reversed.

The applicant is a 53-year-old married male, native of the United States, who applied for admission to this country as a citizen. At birth, he acquired United States citizenship and appears also to have become a British subject, both of his parents having been British subjects born in Canada. The applicant has lived in Canada since he was about one year old but entered the United States as a citizen on many occasions until about 1944 after which he entered as an alien. The sole issue to be determined is whether the applicant has lost his United States citizenship.

We have carefully reviewed the entire record. The applicant voted in a political election in Canada between 1944 and 1948 and also in political elections in June 1961 or 1962 and on April 8 and April 22, 1963. Section 401(e) of the Nationality Act of 1940 [8 U.S.C. 801(e), 1946 Ed.], which was in effect from January 13, 1941, to December 24, 1958, provided that a national of the United States "shall lose his nationality by: * * * (e) Voting in a political election in a foreign state * * *." Since the applicant admits that he voted voluntarily,

expatriation would have occurred under this statutory provision and in accordance with the decision in *Perez* v. *Brownell,* 356 U.S. 44 (1958).

There is one remaining aspect of the case which requires consideration. Exhibit R–4 shows that on January 29, 1944, the applicant executed a form of the Canadian Immigration Service by virtue of which he became a landed Canadian immigrant as of that date. The form indicates that he was born in the United States of Canadian parents; that he accompanied them on their return to Canada in September 1911; that he has continued to reside in Canada since that time; and that it had not been possible to find any record of a prior legal landing in Canada. Another record has been found showing him as a Canadian landed immigrant on October 20, 1930. The applicant testified that in 1944 the Canadian immigration officer told him it was necessary for him to sign this form and, after it was executed, told him he would no longer have any rights as a United States citizen. It is clear, of course, that the applicant did not actually lose his United States citizenship by signing this form. He stated that, because he thought he was no longer a United States citizen, he voted in the Canadian elections previously mentioned.

The special inquiry officer stated that there were no cases precisely analogous to that of the applicant, but he relied on *Rogers* v. *Patokoski,* 271 F. 2d 858 (9th Cir., 1959); *Matter of S—,* 8 I. & N. Dec. 226 (1958); and Int. Decs. Nos. 1175 and 1218. The two latter are *Matter of C—A—,* 9 I. & N. Dec. 482 (1961), and *Matter of C—S—,* 9 I. & N. Dec. 670 (Atty. Gen., 1962).

*Matter of S—* involved an individual who was informed by an American consular officer that he had lost his United States citizenship and he thereafter voted in a political election. The information given by the consular officer was correct at the time. By reason of subsequent developments, the individual was actually a citizen when he voted and we held that he did not become expatriated. When an official of the United States Government, having the duty of passing upon citizenship questions, informs a person that he is no longer a citizen of the United States and the individual, relying on this information, then votes in a foreign political election, it is logical to hold that expatriation did not occur where the individual had actually been a citizen of the United States when he voted. To hold otherwise would be contrary to every equitable concept. However, we do not consider that there would be any justification for ignoring the statutory provision in section 401(e) of the Nationality Act of 1940 merely because, as alleged by the applicant, he was erroneously informed by a Canadian officer that he had lost his United States citizenship. In *Matter of S—, supra,* at pages 232–233, it was specifically stated that our hold-

ing there was to be limited to certain specified situations such as the one just indicated.

In the three other decisions mentioned, the individuals had not been born in the United States and had not known they had acquired United States citizenship through a parent until sometime after they had performed the act which was alleged to have caused expatriation. On the other hand, this applicant has always known that he acquired United States citizenship by reason of his birth in this country, and these three decisions are of no assistance to him.

There is nothing in the language of section 401(e) of the Nationality Act of 1940 nor in any of the decided cases which would require any conclusion other than that flowing from the statutory language itself. Under the language of the statute, we hold that the applicant lost his United States citizenship when he voted in a political election in Canada between 1944 and 1948 and that he will require an immigrant visa if he desires to enter as an immigrant. Accordingly, we will sustain the appeal of the Service.

**ORDER:** It is ordered that the special inquiry officer's orders dated May 14, 1963, November 13, 1963, and February 10, 1964, be withdrawn and that the applicant be held not entitled to admission to the United States as a citizen.